**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| THE HERTZ CORPORATION,<br><br>    Plaintiff,<br><br>       v.<br><br>ADALBERTO FELIBERTI GUTIERREZ, HIS WIFE NOELIA GUTIERREZ AND THE CONJUGAL PARTNERSHIP COMPRISED BY THEM BOTH, AND YUSEF GUTIERREZ SANCHEZ,<br><br>    Defendants. | CIV. NO. 06-1222 (PG) |

**OPINION AND ORDER**

This is a contractual dispute brought under diversity jurisdiction invoked pursuant to 28 U.S.C. § 1332. Plaintiff, the Hertz Corporation, (hereinafter, "Hertz") filed the instant case against Defendants requesting remedy on three counts: contractual indemnification, common law indemnification and negligence. Plaintiff's claim stems from a car accident that occurred on or about January 18, 2002 in Miami, Florida. One of the cars involved in the accident was the vehicle that co-defendant Adalberto Gutierrez ("Adalberto") rented from Hertz in Miami, Florida. At the time of the accident, co-defendant Yusef Gutierrez ("Yusef"), Adalberto's son, was driving the rented car. As a result of a collision with another car, co-defendant Noelia Gutierrez ("Noelia"), Yusef's mother and Adalberto's wife, suffered severe bodily injuries. Noelia raised an extrajudicial claim against Hertz, which was settled on March 30th, 2005 for six hundred thousand dollars ($600,000.00). Hertz now seeks redress from Defendants, pursuant to the rental agreement, and alleges it is entitled to indemnification from Defendants for the settlement amounts paid and for the property damage caused to the rented vehicle involved in the accident. *See Complaint, Docket No. 1.*

Before the Court is Defendants' "Motion Requesting Change of Venue under

Civ. No. 06-1222 (PG)                                                    Page 2

28 U.S.C. § 1404(a)." *See Docket No. 34.* Defendants argue that the proper venue for this case is the Southern District of Florida. Defendants claim that said venue is an adequate alternative forum for the following reasons: (1) the rental agreement was entered into in Florida; (2) the accident took place in Florida; (3) the evidence and the witnesses that will have to be presented to the Court for a determination of negligence are also in said state; (4) the applicable law to the causes of action presented by Plaintiff is the law of the state of Florida, according to Plaintiff's allegations. Hertz informed the Court that it does not object to the change of venue requested by Defendants, but only on the *forum non conveniens* grounds since the case requires the discussion of principles of Florida law. Hertz, however, objects to Defendants' other arguments related to discovery of issues of negligence and common-law indemnity. *See Docket No. 36.* We now examine whether a change of venue would be proper under 28 U.S.C. § 1404(a).

Section 1404(a) reads in relevant part: "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it may have been brought." The Supreme Court has recognized that this section "reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice," and that "the purpose of the section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (citations omitted).

In the instant case, Defendants are all residents of the Commonwealth of Puerto Rico, whereas Plaintiff is a Delaware corporation, headquartered in Park Ridge, New Jersey, that conducts a car rental business throughout the United States. Nevertheless, according to Defendants' unopposed allegations

Civ. No. 06-1222 (PG)                                                  Page 3

in their motion requesting change of venue, there are no other primary witnesses located in Puerto Rico other than Defendants. In addition, all aspects of Plaintiff's indemnification and negligence claim, including the car rental agreement and the car accident involving the rented car, took place in Miami, Florida. Also, according to the allegations in the Complaint, the terms of Hertz's car rental agreement stipulate that the prevailing law in the interpretation and governance of the relationship between the contracting parties shall be the law wherein the rental of the vehicle takes place. In that case, Plaintiff's claims are to be decided according to the law of the state of Florida. *See Complaint, Docket No. 1, ¶3*.

In sum, although Plaintiffs' original choice of forum was the District of Puerto Rico, the events concerning the rental agreement and the car accident took place in Miami, Florida. There is no connection between Plaintff's claims and the Commonwealth of Puerto Rico other than Defendants' residency. In light of Plaintiff's lack of opposition to the change of venue on *forum non conveniens* grounds, the facts of the instant case, the location of the relevant witnesses and evidence at issue and the alleged applicable law, it is the Court's opinion that the proper forum is the Southern District of Florida.

Given the above stated facts and the Court's discretion pursuant to 28 U.S.C. § 1404(a), Defendants' Motion Requesting Change of Venue is **GRANTED** and the Clerk is ordered to transfer this case to the Southern District of Florida.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, November 28, 2006.

                                            S/ JUAN M. PEREZ-GIMENEZ
                                            SENIOR U. S. DISTRICT JUDGE